THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
PAUL H. ROCHMES, State Bar No. 077928
Assistant United States Attorney
     1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2413
      Facsimile: (213) 894-6436
      Email: paul.rochmes@usdoj.gov

DOROTHY C. KIM, State Bar No. 206333
Assistant United States Attorney
Criminal Division/Major Frauds Section
      Telephone: (213) 894-3779
      Facsimile: (213) 894-6269
      E-mail: dorothy.kim@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MATTHIAS CHARLES VHERU, <br><br> Defendant. | CR 07-137-DSF <br><br> FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER SPEEDY TRIAL ACT REGARDING CONTINUANCE OF TRIAL DATE AND CORRECTED [PROPOSED] ORDER CONTINUING TRIAL AND PRE-TRIAL CONFERENCE <br><br> Continued Trial Date: <br> January 27, 2009 <br> Time: 8:00 a.m. <br> Courtroom: 840 (Roybal Federal Building) |

GOOD CAUSE APPEARING, the Court hereby finds and orders as follows.

BACKGROUND

1. The Court conducted a status conference on January 5, 2009. At the conclusion of the status conference, the Court set a final status conference for January 12, 2009.

2. On January 9, 2009, the defendant filed a Status Report which advised the Court that (1) defendant's trial counsel, Steven Haney, had conjunctivitis and extreme bronchitis and had been advised not to return to work before January 13, 2009, and (2) Mr. Haney's associate, Michelle Tamkin, was also seriously ill. The Status Report requested that the status conference be continued to January 14, 2009. (Docket No. 196).

3. In response to the Status Report, the Court continued the status conference to January 14, 2009.

4. At the January 14, 2009 status conference, Mr. Haney advised the Court that he had not recovered from his illness, that his physician had told him that he was still infectious, and that he was not certain whether he would be fully recovered by January 20, 2009, the date that had been set for trial.

5. In response to Mr. Haney's statements regarding his health, and after conferring with counsel for the government, the Court continued the trial for one-week, to January 27, 2009, in the interests of justice and the defense counsel's health, and set a further final pretrial conference for January 20, 2009 at 8:30 a.m. (Docket No. 221).

6. On January 20, 2009, the parties submitted a stipulation

1  (the "Stipulation") and proposed findings under the Speedy Trial
2  Act, 18 U.S.C. § 3161 <u>et.</u> <u>seq.</u>

3  <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

4  7.  The Court makes the following findings of fact and
5  conclusions of law, based on the defendant's January 9, 2009
6  status report, the defendant's counsel's statements at the
7  January 14, 2009 status conference, the parties' representations
8  in the Stipulation, and the records and files in this case:

9  (a) It is and was reasonable to continue the trial to
10 January 27, 2009, in light of the defendant's counsel's
11 continuing illness;

12 (b) The defendant's counsel cannot adequately prepare
13 for the trial within the time limits established under the Speedy
14 Trial Act;

15 (c) The defendant's counsel believes that continuing
16 the trial to January 27, 2009 is and was necessary to enable him
17 to have adequate time to prepare to represent the defendant
18 effectively at trial, taking into account the exercise of due
19 diligence; the defendant's counsel further believes that failing
20 to continue the trial to January 27, 2009, would result (and
21 would have resulted) in a miscarriage of justice;

22 (d) The defendant's counsel has advised the defendant
23 of the defendant's rights under the Speedy Trial Act;

24 (e) The defendant concurs with his counsel that
25 continuing the trial to January 27, 2009 is and was necessary to
26 enable his counsel to be in a position to represent the
27 effectively, in light of his illness;

28

3

       (f) The time period from January 20, 2009 to January 27, 2009 constitutes a reasonable period of delay.

       (g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original dates prescribed by the Speedy Trial Act.

       (h) For the purpose of computing time under the Speedy Trial Act within which trial must commence, the time period of January 20, 2009 to January 27, 2009 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and 3161(h)(8)(B)(iv), because (1) the time period results from a continuance granted by the judge at the defendant's request on the basis of the judge's finding that the ends of justice are served by taking such action, (2) failure to continue the case to January 27, 2009, as requested, would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and (3) failure to continue the case to January 27, 2009 would likely result in a miscarriage of justice.

    8. Nothing in these Findings of Fact and Conclusions of Law shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

### ORDER CONTINUING TRIAL AND STATUS CONFERENCE

Based on the foregoing, and good cause appearing, it is hereby ordered that the trial shall be continued to January 27,

2009 at 8:00 a.m.

Dated: January 22, 2009

                              HONORABLE DALE S. FISCHER
                              UNITED STATES DISTRICT JUDGE

Presented By:

_____
PAUL H. ROCHMES
Assistant United States Attorney

5